OPINION
PER CURIAM.
Konota Gaskins, pro se, appeals from the District Court’s order dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief could be granted. The District Court also denied Gaskins’ motion for reconsideration. Gaskins filed a timely notice of appeal. We have appellate jurisdiction over this appeal under 28 U.S.C. § 1291, and review it for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed under 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 *149 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
After reviewing the complaint, we determine that Gaskins’ appeal is lacking in arguable legal merit, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). Gaskins appeared to allege the existence of a massive conspiracy of corruption involving the defendants and a redevelopment project in the East Hills section of Pittsburgh, Pennsylvania. Even construing Gaskins’ pro se appeal liberally and in a light favorable to him, we are unable to divine any viable claims or grounds for relief. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir.1994). Gaskins appears to invoke the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 (“RICO”), ethnic intimidation under 18 Pa. Const. Stat. § 2710, and 42 U.S.C. § 1983. However, it is not sufficient “to allege mere elements of a cause of action; instead ‘a complaint must allege facts suggestive of [the proscribed] conduct.’ ” Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 588 n. 8, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Gaskins’ complaint contains neither elements of a cause of action nor facts that identify proscribed conduct. Gaskins’ motion for the appointment of counsel is denied as moot.